IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Talia Rosenberg,

       Plaintiff,

v.                                                                    Case No.

Dynamic Recovery Solutions, LLC,

       Defendant.

**COMPLAINT FOR DAMAGES, DECLARATORY AND
INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

4. Plaintiff Talia Rosenberg ("Plaintiff") is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City

1

of Albuquerque.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Dynamic Recovery Solutions, LLC ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of an alleged debt in default (the "Debt"), Defendant, by and through its agent and/or employee "Mr. Perrow," placed a call to Plaintiff's cellular telephone on November 8, 2012 at 2:38 P.M.,

and at such time, left the following voicemail message:

> "Yes, this is Mr. Perrow [inaudible] contacting you in regards to a matter in our office. If you will please contact our office as soon as possible it's very important. Our number here is toll free 866-421-4920. Again that number is toll free 866-421-4920. I am also required to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you and have a good day."

12.   In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Mrs. Fontaine," placed a call to Plaintiff's cellular telephone on November 13, 2012 at 1:50 P.M., and at such time, left the following voicemail message:

> "Hello, my name is Mrs. Fontaine. I'm calling to inform you of a matter that came into my office. Please give me a call back [inaudible] it's important. My number here is 866-421-4920. Again that number is 866-421-4920. I also have to tell you that this is an attempt to collect a debt and any information obtained will be used for that purpose. Give me a call as soon as you can. Thanks."

13.   In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Mrs. Craven," placed a call to Plaintiff's cellular telephone on November 21, 2012 at 12:22 P.M., and at such time, left the following voicemail message:

> "Hi this is Mrs. Craven. I'm trying to reach you today in regards to a personal matter in our office. Please give us a call back as soon as you get this message as it is important. You can reach me at 866-421-4920. Again the number is 866-421-4920. I appreciate your prompt atten-attention to this. Also I'm telling you this is an attempt to collect a debt, any information obtained will be used for that purpose. Thank you."

14.   In connection with the collection of the Debt, Defendant, by and

through its agent and/or employee "Mr. Winter," placed a call to Plaintiff's cellular telephone on December 7, 2012 at 2:38 P.M., and at such time, left the following voicemail message:

> "Hi this is Mr. Winter. I am trying to reach you today in regards to a personal matter in our office. Please give us a call back as soon as you get this message as it is important. You can reach me at 866-421-4998. Again that number is 866-421-4998. I'd appreciate your prompt attention in this matter. Also, I'm supposed to tell you this is an attempt to collect a debt and any information obtained will be used for that purpose."

15.   In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Mrs. Walker," placed a call to Plaintiff's cellular telephone on December 17, 2012 at 1:57 P.M., and at such time, left the following voicemail message:

> "Hey this is Mrs. Walker. I have a situation you need to [inaudible] and the number here is 866-421-4098. Again the number is 866-421-4098 [inaudible]. I am also required to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose. Thanks."

16.   Defendant failed to disclose its true corporate and/or business name in its November 8, 2012, November 13, 2012, November 21, 2012, December 7, 2012, and December 17, 2012 voicemail messages.

17.   By failing to disclose its true corporate and/or business name in its November 8, 2012, November 13, 2012, November 21, 2012, December 7, 2012, and December 17, 2012 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

18. Further, Defendant conveyed a false sense of urgency in its November 8, 2012, November 13, 2012, November 21, 2012, December 7, 2012, and December 17, 2012 voicemail messages.

19. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

20. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

22. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff voluntarily.

23. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff under its own free will.

24. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

25. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

26. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular

telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

27. Plaintiff repeats and re-alleges each and every factual allegation contained above.

28. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff repeats and re-alleges each and every factual allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt, including, but not limited to: conveying a false sense of urgency to Plaintiff in its voicemail messages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

31.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

32.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff repeats and re-alleges each and every factual allegation contained above.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

This 28th day of January, 2013.

s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM 87176
(505) 750-0265

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com